IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONY IVANOV,<br>Individually and on behalf a class,<br>    Plaintiff,<br>v.<br><br>ALA CARTE ENTERTAINMENT, INC.,<br>EXCALIBUR CHICAGO, INC., and<br>DOES 1 – 10,<br>    Defendants. | CASE NUMBER:   08 C 2134<br>ASSIGNED JUDGE:   JUDGE ZAGEL<br><br>DESIGNATED<br>MAGISTRATE JUDGE:   MAGISTRATE JUDGE MASON |

**NOTICE OF FILING**

FILED
MAY 21 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**TO:** Daniel A. Edelman, Esq.
Cathleen M. Combs, Esq.
James O. Latturner, Esq.
Edelman, Combs, Latturner & Goodwin, LLC
120 S. La Salle Street, 18th Fl.
Chicago, Illinois 60603

**PLEASE TAKE NOTICE** that on  5-21-08  we filed with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, the attached DEFENDANTS' OBJECTION TO MOTION FOR CLASS CERTIFICATION AND DEFENDANTS' MOTION FOR COURT ORDER ALLOWING DISCOVERY ON THE ISSUE OF THE PROPRIETY OF CLASS CERTIFICATION.

Respectfully submitted,

MATTHEW J. MORRISSEY & ASSOCIATES, LTD.

BY: _____
MATTHEW J. MORRISSEY
Attorney for Defendants

MATTHEW J. MORRISSEY & ASSOCIATES, LTD.
33 N. Dearborn Street, Suite 502
Chicago, Illinois 60602
312-541-4600

**CERTIFICATE OF SERVICE**

I, MATTHEW J. MORRISSEY, hereby certify that on  5-21-08 , a copy of the attached document was filed with the Court and that a copy was mailed electronically to the following persons the same date:

Daniel A. Edelman, Esq.
Cathleen M. Combs, Esq.
James O. Latturner, Esq.
Edelman, Combs, Latturner & Goodwin, LLC
120 S. La Salle Street, 18th Fl.
Chicago, Illinois 60603

_____
MATTHEW J. MORRISSEY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 21 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TONY IVANOV,                           )
Individually and on behalf of a class, )
    Plaintiff,                         )
v.                                     )   CASE NUMBER:   08 C 2134
                                       )   ASSIGNED JUDGE: JUDGE ZAGEL
ALA CARTE ENTERTAINMENT, INC.,         )
EXCALIBUR CHICAGO, INC., and           )   DESIGNATED
DOES 1 – 10,                           )   MAGISTRATE JUDGE: MAGISTRATE JUDGE MASON
    Defendants.                        )

**DEFENDANTS' OBJECTION TO MOTION FOR CLASS CERTIFICATION
AND DEFENDANTS' MOTION FOR COURT ORDER ALLOWING DISCOVERY
ON THE ISSUE OF THE PROPRIETY OF CLASS CERTIFICATION**

NOW COME Defendants, EXCALIBUR CHICAGO, INC., ("Excalibur") and ALA CARTE ENTERTAINMENT, INC., ("Ala Carte") through counsel, MATTHEW J. MORRISSEY & ASSOCIATES, LTD., and object to the Plaintiff's Motion for Class Certification and petition this court for an order allowing the parties to conduct discovery limited to the topic of the propriety of class certification. In support of this objection and motion the Defendants state as follows:

1. The Plaintiff claims he has sustained injury when, allegedly, Defendant, EXCALIBUR, gave him a credit card receipt bearing his credit card number and/or the expiration date of his credit card. He claims Excalibur violated a federal law known as the Fair and Accurate Credit Transactions Act ("FACTA").

2. As a responsive pleading the Defendants have filed a Motion to Strike Plaintiff's Complaint as being in violation of Federal Rules of Civil Procedure 8(a), 10(b) and 12.

3. The Motion to Strike is set for initial presentation on June 3, 2008, before Judge Zagel.

4. The Plaintiff has also filed a Motion for Class Certification which is also set for initial presentation on June 3, 2008.

5. The Defendants, when required to answer Plaintiff's Complaint, will deny that the Defendants have violated the federal statute in question pertaining to credit card receipts; will deny that there is any class of aggrieved individuals; and will further deny that the Plaintiff, as an individual, has been injured in any way.

6. The Defendants are contesting the Plaintiff's Motion for Class Certification based upon evidence that the Defendants have already produced to Plaintiff's counsel, or will produce through deposition testimony, affidavits, or otherwise, to demonstrate that:

    a. All credit card terminals/processing equipment at Excalibur on the date of the incident complained of (May 27, 2007), and prior thereto, were compliant with FACTA in that **customer copies** of credit card receipts were "truncated" meaning the receipts did not display the customer's full credit card number or the expiration date of the customer's credit card;

    b. On the date of the incident complained of (May 27, 2007) the Plaintiff signed a printed credit card receipt which is the "merchant copy" and on the **merchant copy** the Plaintiff wrote in a tip, added the tip to the charge and then signed the receipt indicating his agreement to pay the transaction price. The Defendants are in possession of the actual receipt as signed by the Plaintiff and have produced it to Plaintiff's counsel;

    c. At the time of the Plaintiff's transaction in question, the Plaintiff was given the "customer copy" of his receipt which was truncated and did not bear his full credit card account number or the expiration date of his credit card. What the Plaintiff did with his copy of the receipt is known only to the Plaintiff and will be a subject of inquiry at the Plaintiff's deposition;

    d. The server who served the Plaintiff in connection with the transaction in question (Salochana Fernando) will testify that she was working on May 27, 2007 and although she does not specifically remember the Plaintiff she will state that she is familiar with all procedures regarding credit card transactions including the fact that the customer is given a **merchant copy** for the **customer** to **sign** and then return to the server and then the customer is given a **customer copy** in **truncated form** as the customer's copy of the receipt. The server will further testify that the instant Plaintiff necessarily had to ask for a "duplicate" of the credit card receipt which the server can print for the customer at the customer's request and which would show in printed form the "tip" and "total" amount of transaction that the customer had previously hand-written on the merchant copy; and

    e.    The Defendants will get affidavits or otherwise make available for deposition **Robert Steder**, Chief Financial Officer, Ala Carte Entertainment, Inc.; and **William McFall**, Corporate Supervisor, Ala Carte Entertainment, Inc., whose geographic area of supervision includes the Excalibur nightclub at 632 North Dearborn, Chicago, Illinois. Mr. Steder and Mr. McFall will testify that the Excalibur is fully compliant in terms of the printing of credit card receipts and that the staff working at Excalibur are familiar with the procedures for keeping the "merchant copy" of each credit card receipt and providing to the customer the "customer copy" of the credit card receipt which is in the mandated truncated form.

7.    Through initial discovery, the Defendants expect to demonstrate to this court that:

    a.    The instant Plaintiff has suffered no injuries, i.e. his identity has not been stolen;

    b.    The Defendants have not violated any federal statute pertaining to the printing of credit card receipts;

    c.    There could never be a "class" of individuals under the facts of this case because such a class would necessarily be limited to customers who complete a credit card transaction and receive only the customer copy of the credit card receipt (in truncated form) and then deliberately ask the merchant to print a "duplicate" of the merchant copy of the receipt showing the "tip" and "total" in printed, as opposed to hand-written, form.

    d.    Mr. Steder and Mr. McFall will testify that it is rare for any customers to ask for duplicates of credit card receipts and, further, that there is no precise way to determine when such rarities occur. In summary, the Defendants expect to show that there is no class of allegedly aggrieved consumers.

WHEREFORE, Defendants, ALA CARTE ENTERTAINMENT, INC. and EXCALIBUR CHICAGO, INC., request that the Motion for Class Certification be denied or, in the alternative, that the parties be allowed to engage in limited discovery on the issue of the propriety of class certification.

Respectfully submitted,

MATTHEW J. MORRISSEY & ASSOCIATES, LTD.

BY: _____
MATTHEW J. MORRISSEY
Attorney for Defendants

3

MATTHEW J. MORRISSEY & ASSOCIATES, LTD.
33 N. Dearborn Street, Ste. 502
Chicago, Illinois 60602
312-541-4600



**ECF Information Site**



United States District Court

# ECF Info Site
### Northern Illinois

**Thursday, May 8, 2008**

## CLASS REGISTRATION

| ECF Homepage |
| --- |
| What's New |
| General Information |
| ECF Requirements |
| FAQ's |
| Training |
| Help Desk |

United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604

## *Class Registration Confirmation*

**Congratulations! MATTHEW, you have successfully registered this training session on Thursday May 8, 2008 at 03:19 PM. Please allow sufficient time to travel to the courthouse and pass the security screening. Persons arriving late will not be admitted to class and will be required to register for future class.**

**Please print this class registration and bring it with you to the class.**

| Reference No | USDC-9EC9FF05D8 |
| --- | --- |
| Class | CM/ECF Application |
| Instructor | Paula Rogers |
| Location | U.S. District Court, 219 S. Dearborn St., Chicago, IL 60604, Room No: 2344 |
| Date and Time | Thursday, May 29, 02008 01:30 PM ~ 03:30 PM |
| Direction | Here are the directions to the United States District Court: 219 S. Dearborn Street, Chicago, IL 60604 Room 2344. |
| Notes | |

[ Click here to continue ]

Thursday May 8, 2008 at 15:19 PM

[ ECF Homepage | What's New | General Information | ECF Requirements | FAQ's | Training/Tutorials | Help Desk ]