IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TONI IVANOV, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | 08 C 2134<br>Judge Zagel<br>Magistrate Judge Mason |
| ALA CARTE ENTERTAINMENT, INC. and EXCALIBUR CHICAGO, INC., and DOES 1-10, | ) ) ) ) | |
| Defendants. | ) | |

**INITIAL STATUS REPORT**

Per Fed.R.Civ.P. 26(f), the parties (through counsel) met on May 30, 2008, and conferred regarding this litigation, with Thomas E. Soule, counsel for plaintiff, and Matthew J. Morrissey, counsel for defendant, participating by telephone. Pursuant to that conference, the parties now present the following status report:

1. *Claims.* Plaintiff claims, for himself and a putative class of similarly situated persons, that defendants willfully violated the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. ("FCRA"), as amended by the Fair and Accurate Credit Transactions Act of 2003, P.L. 108-159 ("FACTA"). He specifically claims that he received an electronically printed receipt which did not redact the account number of his credit card, contrary to the requirements of 15 U.S.C. §1681c(g). Plaintiff seeks the award of statutory damages, costs and attorney's fees as provided for by 15 U.S.C. §1681n.

Defendant denies that it violated the FCRA, FACTA or any other law, willfully or otherwise. Defendant specifically denies that there is a class of persons similarly situated as

plaintiff.

2.    *Pending motions.*  Plaintiff has brought a motion for class certification pursuant to Fed.R.Civ.P. 23; in response, defendant has filed a written objection and a motion for an order for discovery on the class certification motion. Defendant has brought a motion to strike the complaint pursuant to Fed.R.Civ.P. 12(f).  These motions are pending and require briefing schedules.

On the motion for class certification, the parties have agreed on a briefing schedule, and respectfully suggest that this Court order defendant to file a response by September 30, 2008, and plaintiff to file a reply by October 21, 2008.

On the motion to strike the complaint, the parties have agreed on a briefing schedule, and respectfully suggest that this Court order plaintiff to respond by June 20, 2008, and defendant to file a reply by July 3, 2008.

3.    *Settlement*.  The parties are not in a position to settle this case at this time.  The parties exchanged letters setting out the parties' view of the merits of the case; based on these letters and a further discussion during counsels' teleconference, it appears that the parties' settlement positions are far apart.

A settlement conference may be beneficial at a later date; the parties undertake to contact the Court should such a conference prove to be necessary or beneficial.  Discovery needed prior to a settlement conference would include, but not necessarily be limited to, (a) whether a class exists, (b) information on the acquisition of a class list, either from defendant or third parties, (c) any insurance coverage that could provide a recovery to plaintiff and the putative class, (d) the net worth of defendant, and (e) the merits of the case generally.

4.  *Initial disclosures*.  The parties will exchange initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) by June 25, 2008.

5.  *Discovery plan*.

   A.  *Plaintiff's position.*

   1.  Discovery will be required on the facts and merits of the case (including the question of whether defendant's actions were reckless, under *Safeco Insurance Co. of America v. Burr*, 127 S.Ct. 2201 (2007)), and the requirements for certification of a class pursuant to Fed.R.Civ.P. 23.  Expert testimony is not expected in this matter at this time, but may prove to be necessary at a later date.  Plaintiff believes that bifurcation of discovery would be counterproductive and lead to unnecessary delay and expense.

   2.  All discovery, including fact and expert discovery, will be completed by December 5, 2008.

   3.  Plaintiff expects that motions for summary judgment, in part or in whole, will be filed by the parties.  Such motions would be filed by January 9, 2009, pursuant to this Court's standing order.

   4.  Plaintiff expects that this case would be ready for trial in or around June or July 2009, depending on the date of ruling upon the parties' motions for summary judgment, and request a trial date in that time frame on a date convenient to the Court, as well as dates for a final pre-trial conference and the filing of a pre-trial order.  Plaintiff expects that a trial would take about five days to complete.

   B.  *Defendant's position.*

   1.  Defendant has filed an objection as to class certification and motion for a court order limiting discovery to the issue of class certification.  The defendant suggests that bifurcating class and merit discovery will be more efficient and economical and should be permitted here to limit pre-certification discovery to evidence that is necessary or helpful to the certification decision. 32B Am. Jur. 2d Federal Court §2049 (1996).  To best serve the ends of fairness and efficiency a court may allow class wide discovery on the certification issue and postpone class wide discovery on the merits. *Plummer v. Chicago Journeyman Plumbers Local Union*

      *No. 130, U.A.*, 77 F.R.D. 399 (N.D. Ill. 1977). The defendant relies on Fed.R.Civ.P. 26(f) which specifically contemplates that a necessity may arise to conduct discovery in phases or have discovery limited to or focused upon particular issues.

2. All discovery on the certification issue will be completed by August 31, 2008, so that discovery could be completed in accordance with the briefing schedule relative to the plaintiff's motion for class certification.

3. Since the motion for class certification contemplates a discovery and briefing schedule concluding October 21, 2008 the defendant submits that in the event a class is certified then discovery as to the merits of the claim should be completed by February 28, 2009.

4. Defendant expects that motions for summary judgment, in part or in whole, will be filed by the parties and such motions would be filed by April 30, 2009.

5. Defendant expects that this case would be ready for trial in or around September, 2009. The parties would require dates for a final pre-trial conference and the filing of a pre-trial order. Defendant expects that a trial would take five days to complete assuming a 7 - 8 hour work day.

6. *Magistrate Judge consent*. The parties do not unanimously consent to the jurisdiction of a magistrate judge for all proceedings, including trial.

Respectfully submitted,

| | |
|---|---|
| /s/ Thomas E. Soule | /s/ Matthew J. Morrissey |
| Daniel A. Edelman | Matthew J. Morrissey |
| Cathleen M. Combs | MATTHEW J. MORRISSEY & ASSOCS., LTD. |
| James O. Latturner | 33 North Dearborn Street, Suite 502 |
| Thomas E. Soule | Chicago, Illinois 60602 |
| EDELMAN, COMBS, LATTURNER | (312) 541-4600 |
|    & GOODWIN, LLC | (312) 541-4601 (FAX) |
| 120 South LaSalle Street, 18th Floor | mmorrissey@mjmorrisseylaw.com |
| Chicago, Illinois  60603 | |
| (312) 739-4200 | |
| (312) 419-0379 (FAX) | |
| courtecl@edcombs.com | |
| tsoule@edcombs.com | |

## CERTIFICATE OF SERVICE

     I, Thomas E. Soule, hereby certify that the preceding was filed with the Court electronically on May 30, 2008, and that the same was served on Matthew J. Morrissey, counsel for defendant, by facsimile and mail at the address listed above.

                             /s/ Thomas E. Soule
                              Thomas E. Soule