910-0801                                                                                                   Atty No. 34450

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONI IVANOV,<br>Individually and on behalf a class,<br>    Plaintiff,<br>v.<br><br>ALA CARTE ENTERTAINMENT, INC.,<br>EXCALIBUR CHICAGO, INC., and<br>DOES 1 – 10,<br>    Defendants. | CASE NUMBER:    08 CV 2134<br>ASSIGNED JUDGE:    JUDGE ZAGEL<br><br>DESIGNATED<br>MAGISTRATE JUDGE: MAGISTRATE JUDGE MASON |

**DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S AMENDED COMPLAINT-CLASS ACTION**

NOW COME Defendants, ALA CARTE ENTERTAINMENT INC., an Illinois corporation and EXCALIBUR CHICAGO INC., an Illinois corporation, through Counsel, Matthew J. Morrissey & Associates, Ltd., and rule pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike the Plaintiff's Amended Complaint-Class Action or, in the alternative, to strike Paragraphs 3, 4, 27, 28, 30, 31, 32, 33, 34, 35, and 36 of the Plaintiff's Amended Complaint.

1.    The Plaintiff has done it again. The Plaintiff initially filed his "Complaint-Class Action" which was also subject to a Rule 12(f) Motion to Strike. The Motion to Strike was granted by Judge Zagel on June 5, 2008. The plaintiff was ordered to re-plead.

2.    The Plaintiff makes a disingenuous and altogether inadequate attempt to cure the defects of his original complaint with the amended complaint.

3.    For some reason the Plaintiff refuses to follow Rule 8(a) of the Federal Rules of Civil Procedure by pleading a complaint which sets forth a claim for relief containing: (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; (3) and a demand for judgment for the relief the pleader seeks.

4. **Paragraph 3** cites a legal decision that apparently touches upon the federal statute in question. That is not a simple statement of fact.

5. **Paragraph 4** purports to explain the "purpose" of the Statue in question and cites statistics of a federal agency. There is no reference to the publication of the federal agency where the "estimates" are given. This is not a short and plain statement of the Plaintiff's claim.

6. **Paragraph 27** alleges that the requirement to remove credit card account numbers from credit card receipts was "widely publicized" by credit card associations such as Visa and Mastercard. Where? The Plaintiff does not provide copies of these pronouncements.

7. **Paragraph 28** cites a trade publication from the Visa credit card company and also makes reference to a "picture" of a credit card receipt. None of these items are attached to the Plaintiff's complaint. Even if they were, they still are in violation of Rule 8(a).

8. **Paragraphs 30 through 36**, collectively, do not contain short or plain statements of anything. They have reference to a variety of publications as well as providing what appears to be the Plaintiff's attorney's opinion as to what happens if the federal statues in question are not followed.

9. The Defendants know that the Plaintiff is bringing a claim pursuant to a federal statute dealing with credit card receipts. Why is it that the Plaintiff cannot simply state that he was allegedly given a credit card receipt from the Defendants that violated the statute in question?

10. What is the Plaintiff's agenda in terms of pleading his original and amended complaints? The Defendants, quite frankly, do not really care. What the Defendants care about is that they be required to answer a pleading that sets forth: a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement showing that the Plaintiff is entitled to relief; and a demand for judgment for the relief the Plaintiff seeks. See Rule 8(a).

11.     The Defendants also insist that the Plaintiff be bound by the Federal Rules of Civil Procedure which requires that all allegations or averments of claim shall be limited as far as practicable to a statement of a single set of circumstances.

WHEREFORE, Defendants, ALA CARTE ENTERTAINMENT, INC., and EXCALIBUR CHICAGO, INC., request an order of this Court striking the Plaintiff's Amended Complaint and requiring the Plaintiff to file a Second Amended Complaint consistent with Rule 8(a) and Rule 10(b) of the Federal Rules of Civil Procedure or, in the alternative, striking Paragraphs 3, 4, 27, 28, and 30 through 36 of the Plaintiff's Amended Complaint.

                Respectfully Submitted,

                MATTHEW J. MORRISSEY & ASSOCIATES, LTD.


                s/ Matthew J. Morrissey
                   MATTHEW J. MORRISSEY
                   Attorney for Defendants


MATTHEW J. MORRISSEY & ASSOCIATES, LTD.
33 N. Dearborn Street, Ste. 502
Chicago, Illinois  60602
312-541-4600

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONI IVANOV,<br>individually and on behalf of a class,<br><br>        Plaintiff,<br><br>    v.<br><br>ALA CARTE ENTERTAINMENT, INC.<br>and EXCALIBUR CHICAGO, INC.,<br>and DOES 1-10,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   1 : 08 CV 2134<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Toni Ivanov brings this action to secure redress for the violation by Ala Carte Entertainment, Inc. and Excalibur Chicago, Inc., of the Fair Credit Reporting Act ("FCRA"), as amended by the Fair and Accurate Credit Transactions Act of 2003 ("FACTA").

2. One provision of FACTA, codified as 15 U.S.C. §1681c(g), provides that:

   **No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

3. The "truncation requirement" of 15 U.S.C. 1681c(g) is unambiguous. Businesses must properly redact the credit card account number from any receipt provided to a cardholder, and also redact the expiration date. *Iosello v. Leiblys, Inc.*, 502 F.Supp.2d 782 (N.D.Ill. 2007).

4. The purpose of 15 U.S.C. §1681c(g) is to prevent identity theft. The Federal Trade Commission estimates that over 9 million persons each year have their identity assumed by criminals for financial gain, causing losses in excess of $50 billion.

1

5.  15 U.S.C. §1681c(g) gave merchants who accept credit cards or debit cards up to three years to comply, with full compliance required no later than December 4, 2006.

6.  Defendants have willfully violated this law, and have failed to protect plaintiff and others similarly situated against identity theft, credit card fraud, and debit card fraud by failing to comply with the truncation requirement.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

8.  Venue in this district is proper because defendants do business here.

## PARTIES

9.  Plaintiff Toni Ivanov is a resident of this district.

10. Defendants Ala Carte Entertainment, Inc. and Excalibur Chicago, Inc. are Illinois corporations that operate the Excalibur nightclub at 632 North Dearborn Street, Chicago, Illinois. The registered agent and office of each is Fred R. Hoffmann, 2330 North Hammond Dr., Suite G, Schaumburg, Illinois.

11. Both defendants are a "person that accepts credit cards or debit cards for the transaction of business" under FACTA.

12. Defendants Does 1-10 are individual officers, directors, employees and agents of the corporate defendants who authorized, directed or participated in the violations of law complained of.

## FACTS

13. On May 27, 2007, plaintiff received from defendants at the Excalibur

2

nightclub located at 632 North Dearborn Street, Chicago, Illinois, a computer-generated cash register receipt which displayed plaintiff's full card number and the expiration date.

## CLASS ALLEGATIONS

14.  Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

15.  The class is defined as "all persons to whom defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which displays more than the last five digits of the person's credit card or debit card number."

16.  There are over 100 persons in the defined class.

17.  The class is so numerous that joinder of all individual members in one action would be impracticable.

18.  Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

19.  There are common questions of fact and law affecting members of the class, which predominate over questions which may affect individual members. These include the following:

   a.  Whether defendants had a practice of providing customers with a sales or transaction receipt which failed to comply with the truncation requirement;

   b.  Whether defendants thereby violated FACTA;

   c.  Whether defendants' conduct was willful; and

3

      d.    Identification and involvement of the Doe defendants.

20.    Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members, and has retained experienced counsel.

21.    A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

## VIOLATION ALLEGED

22.    With respect to hardware and software used to conduct credit and debit card transactions that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

23.    With respect to hardware and software used to conduct credit and debit card transactions that were first put into use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(A) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

24.    Defendants accept credit cards and debit cards in the course of transacting business with persons such as plaintiff and the class members. In transacting such business, defendants use cash registers or other machines or devices that electronically print receipts for credit card or debit card transactions.

25.    After the effective date of the statute, defendants, at the point of sale or transaction, provided plaintiff and each class member with one or more electronically printed receipts, on each of which defendants failed to comply with the truncation requirement.

4

26. Defendants knew or should have known of the truncation requirement.

27. The truncation requirement was widely publicized, by credit card associations (such as Visa, Mastercard, and others), merchant banks, and national and state trade associations.

28. In addition, credit card associations required businesses to truncate customers' receipts, by contract. For example, the August 12, 2006 edition of "Rules for Visa Merchants" (p. 62), which is binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all." These statements were accompanied by a picture of a receipt showing precisely what had to be removed. VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

29. Defendants accept Visa cards and are parties to a contract requiring compliance with the above-quoted requirement.

30. American Express has a manual that contains a similar depiction of what information must be redacted.

31. The publication of a customer's credit card or debit card number exposes that customer to the possibility of identity theft, which is the obvious reason that credit card associations, and then Congress, required the truncation of expiration dates.

32. Credit and debit card account numbers are not randomly generated. Instead, account numbers reflect an internal coding scheme set forth by the International Organization for Standardization ("ISO") Standard 7812, which defines the content in the cards' magnetic strips. Consistent with this standard, every credit card number consists of the following: (a) a single digit Major Industry Identifier ("MII"); (b) an issuer identification number ("IIN"); (c) an

5

number unique to the card; and (d) a check digit.

33.  Failure to properly truncate the credit card account number provides credit card fraudsters information that allows them to make unauthorized purchases. Where, as here, the entire card number is printed on the receipt, even unsophisticated identity thieves, who obtain the receipt by "dumpster diving" or otherwise acquire the unredacted receipt, can commit fraud.

34.  The importance of truncating expiration dates becomes manifest where, as here, the credit card number is provided on the receipt. The expiration date is an important security check that corroborates that a person attempting to use a given account number is actually the authorized user of the card. Further, the expiration dates are also used to confirm that a person making a purchase over the phone or on the internet actually has the card in their possession.

35.  The cost of truncating credit card account numbers and expiration dates is minimal.

36.  Most of defendants' business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement. Defendants could have readily done the same.

37.  Defendants willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA.

38.  The FCRA, 15 U.S.C. §1681n, provides:

§1681n. Civil liability for willful noncompliance

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §1681 *et seq.*] with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

> (1)
>
>> (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or
>>
>> (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $ 1,000, whichever is greater;
>
> (2) such amount of punitive damages as the court may allow; and
>
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court....

39. The FCRA, 15 U.S.C. §1681p, provides:

> § 1681p. Jurisdiction of courts; limitation of actions
>
> An action to enforce any liability created under this title [15 U.S.C. §1681 *et seq.*] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of –
>
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
>
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants as follows:

> a. For statutory damages of $100 to $1,000 per violation;
>
> b. For attorney's fees, litigation expenses and costs; and

      c.      For such other and further relief as the Court may deem proper including punitive damages

s/ Thomas E. Soule<br>
Thomas E. Soule

Daniel A. Edelman  
Cathleen M. Combs  
James O. Latturner  
Thomas E. Soule  
EDELMAN, COMBS, LATTURNER  
   && GOODWIN, LLC  
120 S. LaSalle Street, 18th Floor  
Chicago, Illinois 60603  
(312) 739-4200  
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

s/ Thomas E. Soule<br>
Thomas E. Soule

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for one-third of the recovery, or such amount as a court awards.

s/ Thomas E. Soule<br>
Thomas E. Soule

Daniel A. Edelman  
Thomas E. Soule  
EDELMAN, COMBS, LATTURNER  
   && GOODWIN, LLC  
120 S. LaSalle Street, 18th Floor  
Chicago, Illinois 60603  
(312) 739-4200  
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

      I, Thomas E. Soule, hereby certify that the preceding was filed with the Court electronically on June 18, 2008, and that the same was served on Matthew J. Morrissey, counsel for defendant, by facsimile and mail, as follows:

Matthew J. Morrissey  
MATTHEW J. MORRISSEY & ASSOCS., LTD.  
33 North Dearborn Street, Suite 502  
Chicago, Illinois 60602  
(312) 541-4601 (FAX)

                                          /s/ Thomas E. Soule  
                                          Thomas E. Soule

# Complaints
1:08-cv-02134 Ivanov v. Ala Carte Entertainment, Inc. et al
MASON

United States District Court

Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1

## Notice of Electronic Filing

The following transaction was entered by Soule, Thomas on 6/18/2008 at 4:41 PM CDT and fil 6/18/2008

**Case Name:** Ivanov v. Ala Carte Entertainment, Inc. et al
**Case Number:** 1:08-cv-2134
**Filer:** Toni Ivanov
**Document Number:** 20

**Docket Text:**
**AMENDED complaint by Toni Ivanov against all defendants (Soule, Thomas)**

**1:08-cv-2134 Notice has been electronically mailed to:**

Cathleen M. Combs      ccombs@edcombs.com

Daniel A. Edelman      courtecl@edcombs.com, dedelman@edcombs.com

James O. Latturner     jlatturner@edcombs.com

Matthew John Morrissey    mmorrissey@mjmorrisseylaw.com

Thomas Everett Soule    tsoule@edcombs.com

**1:08-cv-2134 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**